# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MAURICE ROBINSON,

       Plaintiff,

v.

BAPTIST MEMORIAL HOSPITAL,
et al.,

       Defendants.

CIVIL ACTION

No: 10-2701-KHV/GLR

## **MEMORANDUM AND ORDER**

Plaintiff is the husband of a 49-year old terminal cancer patient who died on April 10, 2003 in Tennessee. Plaintiff brings this action for the wrongful death of his wife. This matter is before the Court on Plaintiff's Renewed Motion Seeking Appointment of Counsel (ECF No. 8). Plaintiff requests that the Court appoint a lawyer to represent him in this case. Plaintiff is proceeding in this action *in forma pauperis*. For the reasons below, Plaintiff's motion is denied.

**I.**  **Background**

Plaintiff filed this suit on December 30, 2010, alleging wrongdoing by several Tennessee medical providers who cared for his wife. His first Motion for Appointment of Counsel (ECF No. 4) was denied without prejudice in this Court's January 4, 2011 Order (ECF No. 6). In that motion, Plaintiff's evidence of his good faith effort to retain counsel consisted only of the names of two attorneys. In denying the motion without prejudice, the Court directed Plaintiff to seek representation from at least five attorneys as prerequisite for a renewed motion to appoint counsel. His renewed motion, now before the Court, contains the names of six attorneys or law firms.

## II. Standard for Appointment of Counsel in Civil Cases

It is well settled that a party has no constitutional right to appointment of counsel in a civil case.[1] The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis*.[2] The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court.[3] That discretion requires "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[4] In determining whether to appoint counsel, the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5] The Court notes that in applying the first of these factors, pro se litigants are "afforded a liberal construction of [their] papers."[6] Nonetheless, as to the merits of the

---

[1] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[2] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel.").

[3] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir.1991).

[4] *Goings v. City of Pittsburg*, No. 10-1401-KHV-KGG, 2010 WL 5137544 (D. Kan. Dec. 10, 2010) (citing *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992)).

[5] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).

[6] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

litigant's claims, the burden is on the litigant "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[7]

### III. Discussion and Ruling

The Court finds that Plaintiff has shown financial inability to pay for counsel and an attempt to secure counsel. Reviewing his Complaint and his Renewed Motion for Appointment of Counsel against the above-stated factors, however, the Court does not find that his claims have sufficient merit to warrant appointment of counsel. The Court finds success on the merits of his claims unlikely. They appear to be virtually identical to claims he made in a case filed in this District in 2006, arising from the same event, i.e., the medical care provided to his wife prior to her death in 2003. In the 2006 case this Court found that it did not have personal jurisdiction over the defendants, and the case was transferred to the Western District of Tennessee.[8] As the court noted in 2006, the Court also questions whether the statute of limitations may have run. Plaintiff's current complaint and exhibits attached thereto are substantially the same as the documents he filed in the 2006 case. Plaintiff sought the same damages in that case as he seeks here. Two of the three defendants in the 2006 case are the named defendants in the suit now before the Court. Under these circumstances, the Court does not find Plaintiff's asserted claims to have sufficient merit to warrant appointment of counsel. The fact that the record reflects the failure of Defendants to appear, even though they may have been served with process, does not change the determination that appointment of counsel is not warranted in this case.

---

[7]*McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[8]*Robinson v. Jones*, Civ. A. No. 06-2204-KHV (D.Kan. filed Aug. 21, 2006).

The remaining factors also militate against the appointment of counsel. This case involves relatively uncomplicated facts, moreover, and asserts claims that arise from a single incident. The nature of the factual and legal issues raised do not appear overly complex. The Court finds no factual basis, either from the motion itself or otherwise, to support a finding that Plaintiff lacks sufficient ability to comprehend, investigate, and present his own case. The Court finds, especially in light of the liberal standards governing *pro se* litigants, that if Plaintiff devotes sufficient effort to presenting his case, he can do so adequately without the assistance of counsel. Accordingly, it denies Plaintiff's request for appointment of a lawyer to represent him in this case.

IT IS THEREFORE ORDERED that Plaintiff's Renewed Motion Seeking Appointment of Counsel (ECF No. 8) is denied.

Dated in Kansas City, Kansas on this 12th day of April, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge